### ARCH THURMOND V. THE STATE.

*No. 3975.    Decided December 16.*

1. **Theft — Property of Corporation — Indictment — Allegation of Ownership.**—There being no rule prescribed in our code as to the allegation of ownership of property which when stolen was owned by a corporation, we are relegated to the common law for the rule of procedure, which is, that an indictment for the theft of property of a corporation must not only describe the corporation by its correct corporate name, but must also allege that it was a corporation.

2. **Same.**—Under our statute, in an indictment for theft it is not essential to allege actual ownership where property is taken from the possession of a special owner having actual management, care, custody, and control of the same; but where the pleader intends to allege such actual ownership, and such ownership is a corporation, the indictment should, after giving the true corporate name, and alleging the fact of incorporation, further aver the name of the special owner from whose possession the property was taken, and that he was holding the same for said corporation, negativing his want of consent, and averring that the property was taken with intent to deprive the owner of the value of the same.

3. **Same.**—See an indictment wholly insufficient to charge the theft of corporate property.

APPEAL from the District Court of Nolan.  Tried below before Hon. William Kennedy.

Appellant was convicted for the theft of one head of cattle, alleged to have been the property and taken from the possession of the Lexington Ranch Company, and his punishment was assessed at two years imprisonment in the penitentiary.

It is unnecessary to give the evidence in the case, in view of the manner of its disposition on this appeal.

No brief for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State, confessed error both as to the sufficiency of the indictment and the evidence.

WHITE, PRESIDING JUDGE.—Omitting the formal parts, the indictment alleges, that "Arch Thurmond and Lee Thurmond, acting together, on the 18th day of June, 1890, with force and arms, in the

county of Nolan and State of Texas, did fraudulently take from the possession of the Lexington Ranch Company one cattle, the same being the corporeal personal property of the said Lexington Ranch Company, without the consent of the said Lexington Ranch Company, with intent to deprive said Lexington Ranch Company of the value of the same," etc.

It has been held by this court that our statute as to the allegation of the name of the defendant, or of any other person, necessary to be stated in the indictment, evidently refers to individuals, and does not embrace companies or corporations. Code Crim. Proc., art. 425. In short, our Code of Procedure is silent; and having failed to supply us a rule, we are relegated to the common law. Code Crim. Proc., art. 27, and approved precedents; White v. The State, 24 Texas Ct. App., 231.

And in that case the rule adduced from the common law authorities was, that where an indictment is for the theft of property of a corporation, it must not only describe the corporation by its correct corporate name, but should also allege that it was a corporation. See, also, Stallings v. The State, 29 Texas Ct. App., 220.

Tested by these authorities, the indictment in the case in hand is fatally defective, in that it does not allege that the Lexington Ranch Company was a corporation. To have been sufficient, the indictment should have alleged the property to have been owned by the corporation, setting out the fact that it was incorporated, and that the property was taken from the possession of some one who was holding the same for said corporation without the consent of the party holding for the corporation, and with the intent to deprive the owners of the value, etc.

In all cases of theft it is necessary to prove want of consent of the owner or party holding in order to justify a conviction. Want of consent of the owner is one of the essential elements of theft. Ownership is constituted by a possession accompanied with actual care, custody, and control of the property by the party in possession. See this subject fully discussed in the cases of Bailey v. The State, 18 Texas Court of Appeals, 426, and Frazier v. The State, Id., 434. In this case it would have been essential to have shown the want of consent of the owner, but, the owner being alleged to be a corporation, this proof would have been almost impossible. As stated above, the allegation should have been that the animal was the property (if necessary to allege the fact of actual ownership at all) of the Lexington Ranch Company, a corporation, but that it was taken from the possession of some one, naming him, holding the same for said company, without his consent, etc.

Mr. Archbold, in his Criminal Pleading and Practice, volume 2, page 1167, says: "If the goods be the property of partners, joint tenants, tenants in common, or parceners, they may be stated to be the property of one of them named, and 'another' or 'others,' which provisions ex-

tend to all joint stock companies and trustees. * * * The property of a corporation aggregate must be laid in the corporation in its own corporate name. Where goods are stolen from a church, we have seen that they may be laid to be the property of the rector or church wardens or the parishioners; if stolen from a chapel, the property of the owner or of the trustees. And where a Bible and hymn book presented to the Methodist Society at Fechenham were stolen from the chapel there, and were described as the property of John Bennett and others, Bennett being one of the society, and also one of the trustees of the chapel, Parke, J., held it to be correct."

In his brief the Assistant Attorney-General confesses error as to the sufficiency of the indictment.

Because the indictment in this case is fatally defective in its allegation as to the ownership of the property alleged to have been stolen, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*

Judges all present and concurring.