**Douglas CROSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62763.**

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 12, 1979.

Frederick J. Griffin, Amarillo, for appellant.

Thomas A. Curtis, Dist. Atty., John Byron Reese and Steve Schiwetz, Asst. Dist. Attys., Amarillo, and Robert Huttash, State's Atty., Austin, for the State.

OPINION

Before ONION, P. J., and DOUGLAS and W. C. DAVIS, JJ.

DOUGLAS, Judge.

This is an appeal from a revocation of probation. The conviction was for burglary. Punishment was assessed by the court at six years.

The motion to revoke alleged:

"On or about the 28th day of November, 1978, in Potter County, Texas, the said defendant, Douglas Cross did then and there knowingly and intentionally with intent to deprive the owner, Sue Bergner, of property, namely a watch, and without the effective consent of said owner, did unlawfully appropriate such property which had value of over $5.00 but less than $20.00, against the peace and dignity of the State of Texas."

Sue Bergner testified during the State's case in chief:

"Q. And how are you employed, Mrs. Bergner?

"A. I'm Assignment Supervisor with Southwestern Bell Telephone Company.

"Q. Okay. Could you repeat that, please. We are recording all of this and I had some difficulty hearing you.

"A. Okay. My job title is Assignment Supervisor with Southwestern Bell Telephone Company.

"Q. And could you describe your job duties to the Court, please?

"A. My office is the office in which we keep all records of telephone cable repairs and actually make those assignments to the service order.

"Q. Did you ever have occasion to order a Commemorative Watch to be given to an employee during, oh, the month of November or a little bit before that?

"A. Yes, sir.

"* * *

"Q. Okay. And could you describe to the Court how you ordered that particular watch?

"A. Through a special form that is provided to the telephone company listing the employee's name, preference of gifts; just a standard form that we use that is forwarded on through the channels of organization and goes directly to the benefit committee.

"Q. Do you recall the date that you specifically ordered that watch?

"A. Yes. That was on October 6th, 1978.

"Q. And did you ever see the watch?

"A. No.

"Q. Have you ordered watches like this in the past?

"A. Yes.

"Q. When you have ordered watches like this in the past, what person at

Southwestern Bell received the watch when it comes in?

"A. Well, there's a place on the form that indicates the address that the gift should be sent. In this case it was Sue Bergner, Assignment Supervisor, 815 Tyler, Amarillo."

Cross argues that the State failed to prove that Bergner was the owner as defined in V.T.C.A., Penal Code, Section 1.07(a)(24), which reads:

"(24) 'Owner' means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor.

"* * *

"(28) 'Possession' means actual care, custody, control, or management."

We have consistently held that it is the better practice to allege ownership on behalf of a corporation in a person acting for the corporation. *Castillo v. State,* 469 S.W.2d 572 (Tex.Cr.App.1971); *Walling v. State,* 437 S.W.2d 563 (Tex.Cr.App.1969).

In *Eaton v. State,* 533 S.W.2d 33 (Tex.Cr.App.1976), this Court held that the State can prove ownership in one of three ways: (1) by showing title, (2) by proving possession, or (3) by showing that the alleged owner has a greater right to possession than does the defendant. Possession may be proved by showing that the alleged owner controlled the property.

It is the employment relationship that determines whether a given individual is an "owner" within the meaning of Section 1.07(a)(24), supra. *Commons v. State,* 575 S.W.2d 518 (Tex.Cr.App.1979). In *McGee v. State,* 572 S.W.2d 723 (Tex.Cr.App.1978), we held that a security guard was not an owner because she had no responsibility to acquire the goods for the store nor did she have any managerial authority. Here, the testimony of Bergner established that she did have managerial authority over her department. It was her responsibility to order the watch and her responsibility to award the watch to its intended donee. The watch was mailed to Bergner. She

was to have care, custody and control over the watch until it was awarded. She clearly had a greater right to possession than did the appellant. *Williams v. State,* 537 S.W.2d 936 (Tex.Cr.App.1976). The State met its burden.

The judgment is affirmed.