**Kenneth DINGLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1086–83.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1984.

J.W. Howeth, Terrey Cobb, Austin, for appellant.

Ronald Earle, Dist. Atty. and David Garza, Asst. Dist. Atty., Austin, Robert Huttash, State's Atty. and Cathleen Riedel, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

In an unpublished opinion, the Austin Court of Appeals affirmed the conviction of Kenneth Dingler, appellant. See *Dingler v. State* (Tex.App. Austin No. 3–82–066–Cr, 9–21–83). It rejected his contention that because there was a variance between what was alleged in the indictment and the proof that was adduced this rendered the evidence insufficient to sustain the conviction. We granted appellant's petition for discretionary review to make the determination whether the court of appeals correctly resolved the issue against him. We find it did not and reverse its judgment.

The record reflects that in a trial to the court appellant was found guilty of committing the offense of burglary of a motor vehicle. Punishment was assessed at eight (8) years' confinement in the penitentiary, probated.

The indictment in this cause alleges in pertinent part that appellant "did then and there, with intent to commit theft, knowingly and intentionally break and enter a vehicle without the effective consent of *Jeruis White*, the owner." [Emphasis added].

The facts adduced reflect that in plain view of an Austin police officer appellant committed the offense of burglary of a motor vehicle.

*Jervis White* testified that he was an employee of and the store manager for the Anderson Lane store of Louis Shanks, a corporation specializing in retail furniture in the City of Austin. Without specifying how or under what circumstances he learned of the burglary, White testified that he had occasion to learn that a burglary of "one of [his] vehicles had taken place on or about the 27th day of November, 1981." White also testified that he did not

know appellant and that "we did not give him permission to break into the vehicle." Other than testifying that he was an employee and a store manager for Louis Shanks, White did not testify what other employment functions he performed for the company; in particular, he was not questioned nor did he testify as to just what his relationship was to the burglarized vehicle, nor what his job with Louis Shanks entailed, nor did he expressly state that he had the care, custody, control, or management of the burglarized vehicle at the time in question. He also did not testify that he was the "special owner" of the burglarized vehicle. Cf. *Hudson v. State*, 675 S.W.2d 507 (Tex.Cr.App.1984) (Rehearing Denied Sept. 26, 1984).

White's testimony also reflects that Louis Shanks Corporation was the title owner of the burglarized vehicle. The burglary occurred at the company's warehouse location, which is situated in the downtown area of Austin. The company kept all of its vehicles, "about five trucks and two Econolines," at the warehouse location when they were not in use.

The court of appeals rejected appellant's contention that the evidence was insufficient to prove that White was the "special owner" of the burglarized vehicle.

When the offense was committed, V.T. C.A., Penal Code, Section 1.07(a)(24) defined the word "owner" to mean "a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." Art. 21.08, V.A.C.C.P., provides: "Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either."

This Court has long held that when property referred to in a charging instrument belongs to a corporation, it is not only permissible but the better pleading practice to allege ownership in a natural person acting for the corporation, the true owner of the property. *Eaton v. State*, 533 S.W.2d 33 (Tex.Cr.App.1976). Thus, it was permissible for the State to allege ownership in the name of "Jeruis White." How-

ever, it was then incumbent upon the State to prove that "Jeruis White" was in fact the special owner of the affected property. We find it did not do so.

In this instance, the State alleged that *Jeruis* White was the owner. However, *Jervis* White testified for the State. We agree with the court of appeals that the rule of idem sonans applies to what is obviously a spelling error. The rule of "idem sonans" is that absolute accuracy in spelling a name is not required in a legal document or proceedings, either civil or criminal; that if the name, as spelled in the document, though different from the correct spelling thereof, conveys to the ear, when pronounced according to the commonly accepted methods, a sound practically identical with the correct name as commonly pronounced the name thus given is a sufficient identification of the individual referred to, and no advantage can be taken of the clerical error.

White testified that the name "Jervis" is frequently misspelled, and had in fact been misspelled "Jeruis," as stated in the indictment in this cause, on a prior occasion. Judge Thurman, who was the sole fact finder, heard White pronounce his name and was thus in a better position than we are to make the determination whether the names "Jervis" and "Jeruis" are not patently incapable of being sounded the same. Furthermore, there is no evidence in the record that appellant was misled to his prejudice by the spelling error. We hold that the court of appeals correctly overruled appellant's contention that the names "Jervis" and "Jeruis" were patently incapable of sounding alike. Also see *Flanagan v. State*, 620 S.W.2d 591 (Tex.Cr.App.1981); *Grant v. State*, 568 S.W.2d 353 (Tex.Cr. App.1978); *Martin v. State*, 541 S.W.2d 605 (Tex.Cr.App.1976).

Although we disagree with appellant and find that the names "Jervis" and "Jeruis" are capable of sounding alike, we find we must agree with his contention that the State failed in its proof that White was the "special owner" of the burglarized vehicle.

We have carefully read the transcription of White's testimony and find that it does not inform us whether White had lawful (1) possession or (2) a right to possession greater than appellant had to the burglarized vehicle. From the record, all we know about White's responsibilities as an employee of Louis Shanks Corporation is that he was the store manager of the store located on Anderson Lane that was owned by Louis Shanks Corporation. The burglary, however, did not occur at that location, but occurred at the downtown warehouse location of Louis Shanks Corporation. There is also no evidence in the record of appeal that would establish the employment relationship of White to the warehouse location, which is where the burglary occurred.

In *Compton v. State*, 607 S.W.2d 246 (Tex.Cr.App.1979), and since *Compton*, see *Hudson v. State*, supra, this Court has expanded considerably the scope of the word "ownership," as defined by Section 1.07(a)(24), supra, in order to sustain convictions. Nevertheless, we still hold that before a conviction might be sustained, and it is alleged that a particular person "owned" the property, it is essential that the prosecution establish the relationship of the alleged owner to the property. Thus, there must be some evidence from which the fact finder might infer that the alleged owner had some right to possession of the property, because it is self-evident that a person who has no right to possession of the property cannot have a greater right to possession than the accused. In this instance, all we know about White's employment responsibilities with Louis Shanks Corporation is that he is an employee of the corporation and is the manager of the store located on Anderson Lane in the City of Austin. The evidence is clearly insufficient to establish that White was either the owner or a special owner of the burglarized vehicle. The fact that White was a manager of the title owner's store at a location other than where the burglary occurred is inadequate to show ownership—in the absence of any evidence to show that he had the care, custody, or control over the burglarized vehicle. We

agree with the court of appeals that it is not enough to allege ownership in some high-ranking management person. "Proof of a management position alone is insufficient to sustain the ownership allegation absent some showing the named individual had exercised some degree of care, custody, or control over the stolen [sic] property." (Page 4 of the slip opinion). However, we are unable to agree with the legal conclusion of the court of appeals that the record contains sufficient evidence to establish that White had the requisite control over the burglarized vehicle that would establish he was the "special owner" of the vehicle at the time it was burglarized. We do not believe that White's use of such terms as "we" and "our," when referring to property owned by Louis Shanks Corporation is indicative that the vehicle was particularly identified with the Louis Shanks' store located on Anderson Lane.

The court of appeals also placed great emphasis upon the following question and answer: "Q: Okay. And *you park* vehicles there for all the stores? A: Yes, sir. We maintain about five trucks and two Econolines." [Emphasis supplied by the court of appeals]. It held: "This could be reasonably interpreted to mean that he was personally responsible for the parking of all of the company's vehicles, or for the parking of a company vehicle used by his particular store." We disagree.

The State of Texas is not permitted under our law to prove its allegations through speculation, guesses, or surmises, but is required to prove its allegations beyond a reasonable doubt through either direct or circumstantial evidence. In this instance, White's testimony, viewed in the most liberal light, belies the fact that he was in charge of the motor pool of Louis Shanks Corporation, as the court of appeals implicitly held.

We hold that the evidence is insufficient to establish that White was the "special owner" of the burglarized vehicle. The judgment of the court of appeals is reversed and the cause remanded to the trial

court where a judgment of acquittal shall be entered.

ONION, P.J., concurs.

Before the court en banc.

CLINTON, Judge, concurring.

We granted the petition for discretionary review in this cause to reexamine the rationale and holding of *Compton v. State,* 607 S.W.2d 246 (Tex.Cr.App.1979) (Opinion on State's Motion for Rehearing). The majority opinion, however, accepts *Compton* and simply finds the evidence is not sufficient to show that Jervis White, the alleged owner, had "some right of possession" in the burglarized vehicle. I would delve deeper into the matter.

"Without the effective consent of the owner" is an element of several penal offenses denounced by provisions of our penal code. An owner is a person "who has title to the property, possession of the property, whether lawful or not, or a greater right to possession than the [suspect]." V.T.C.A. Penal Code, § 1.07(a)(24) and (2). By definition "person" includes a corporation. *Id.,* (a)(27). Article 21.08, V.A.C.C.P., and its forerunners have long provided: "When one person owns the property, and another person has possession, the ownership thereof *may* be alleged to be in either."[1]

Early on the Court held that similar statutory language "evidently refers to individuals, and does not embrace companies or corporations," thus relegating it to the common law rule. *Thurmond v. The State,* 30 Tex.App. 539, 17 S.W. 1098 (Ct. App.1891); *White v. The State,* 24 Tex. App. 231, 5 S.W. 857, 858 (Ct.App.1887).

Though the language used was (and still is) permissive in nature, the Court determined that "the better rule of pleading in charging theft of such property [actually owned by a corporation] is always to charge *both ownership and possession* in such natural person." *Osborne v. State,* 93 Tex.Cr.R. 54, 245 S.W. 928, 929 (1922), quoting at length from *Frazier v. The State,* 18 Tex. App. 434, 440–443 (Ct.App.1885), and also relying on *Thurmond v. State,* supra.[2]

Before enactment of the new penal code the Court continued to encourage following that "better rule of pleading." See, e.g., *Walling v. State,* 437 S.W.2d 563, 564 (Tex. Cr.App.1969). However, under the new penal code, as pointed out in the majority opinion, the Court has often said that it is "the better pleading practice to allege *ownership* in a natural person acting for the corporation," *Eaton v. State,* 533 S.W.2d 33, 34 (Tex.Cr.App.1976); see also *Cross v. State,* 590 S.W.2d 510, 511 (Tex.Cr.App. 1979) and *Compton v. State,* supra, at 250 ("the better pleading practice is to allege 'special' ownership in a natural person acting for the corporation").[3]

The Court has been trying to solve the wrong problem—that of "find[ing] any one individual in any given large corporation who can meet all the criteria of 'possession'....," *Compton,* supra, at 251. The solutions thus far have not taken in account that the problem perceived under the 1879 code of criminal procedure no longer exists under the present code when construed in harmony with related provisions of the new penal code.

With definitions now provided by the new penal code for every significant aspect of the element "without the effective con-

---

**1.** All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

**2.** "To have been sufficient, the indictment should have alleged the property to have been owned by the corporation, setting out the fact that it was incorporated, and that the property was taken from the possession of some one who was holding the same for said corporation without the consent of the party holding for the corporation ... In all cases of theft it is neces-

sary to prove want of consent of the owner or party holding in order to justify a conviction. Want of consent of the owner is one of the essential elements of theft."

**3.** Just why the Court dropped "and possession" in its restatement of "the better pleading practice" has not been explained, but perhaps the thought was that the definition of "owner" included "ownership" through possession of the property.

sent of the owner," particularly that "owner" includes a corporation, courts are no longer relegated to looking to the common law for "the better rule of pleading." We may justifiably consider a corporation a "person" within the meaning of Article 21.-08, supra, owning property by having title, possession or a greater right to possession to it, as contemplated by V.T.C.A. Penal Code, § 1.07(a)(24). Then in that rare case, where another person actually possesses corporate property, in the sense it is not then and there in the actual care, custody, control or management of an agent of the corporation, a pleader may allege it either way.

Such a construction would eliminate the utter fiction of *Compton v. State*, supra, that an employee of a corporation has "a greater right to possession" of corporate *personal* property than a stranger to the corporation. See Opinion Concurring in Part and Dissenting in Part in *Compton*, supra, at 253–257; *McGee v. State*, 572 S.W.2d 723 (Tex.Cr.App.1978). It would also ease the strain of finding "possession" in a managing or supervisory employee and then pretending that such employee is an "owner" of personalty actually owned by the corporate employer. See, e.g., *Compton*, supra, (first part of opinion on rehearing).

Should a corporation be alleged as owner having title to, possession of or a greater right of possession—depending on the facts and nature of the property in question—proof of lack of effective consent by the corporation may be made by any appropriate agent of the corporation under the circumstances. Thus in *Compton*, for example, J. Howard Coonen, himself, along with other corporate employees who were witnesses, could have testified to substantially the same facts, as well as any others relevant, to prove that the corporate employer never gave effective consent for Compton to "exercise control over property other than real property" that, without dispute, was owned by International Harvester. Similarly, Charles Minyard, regional supervisor for a petroleum corporation, in *Eaton v. State*, 533 S.W.2d 33 (Tex.Cr.App.1976),

and Sue Bergner, assignment supervisor with Southwestern Bell, in *Cross v. State*, 590 S.W.2d 510 (Tex.Cr.App.1979), could easily have made the requisite proof that the respective corporation did not give effective consent for Eaton to torch its service station, nor for Cross to steal its commemorative watch.

In the case at bar the proof was close at hand. A certified certificate of title to the burglarized vehicle proves ownership in the corporation. Whoever supervises the warehouse testifies that when not in use corporate vehicles are left in his charge at the warehouse for safe keeping, and that appellant broke into and entered the vehicle without consent of the corporation given by and through him.

*Compton v. State*, 607 S.W.2d 246 (Tex. Cr.App.1979) was wrongly decided. *Compton* and its progeny should be overruled.

For these reasons I join the judgment of the Court.

ODOM and MILLER, JJ., join.
Before the court en banc.

CAMPBELL, Judge, dissenting.

There is a time-honored Danish proverb that laments: "Lawyers and painters can soon change white to black." In my view, the majority today, in its application of the term "owner" to the facts in the case sub judice, has changed white to black.

The majority expressly recognizes the viability of the rationale in *Compton v. State*, 607 S.W.2d 246 (Tex.Cr.App.1979), and, in fact, recognizes that Compton, supra expanded the concept of ownership as that term is defined in V.T.C.A. Penal Code Sec. 1.07(a)(24). But the majority, hacking itself a path that would have made James Fennimore Cooper proud, holds that "before a conviction might be sustained, and it is alleged that a particular person 'owned' the property, it is essential that the prosecution establish the *relationship* of the alleged owner to the *property.*" [emphasis added] The majority concluded, that, at best, Jervis White was not even a distant

cousin to the motor vehicle in question, thereby resulting in a failure of proof on the part of the State. It is this strained interpretation of Compton to which I take issue.

In *Compton*, Judge Douglas, writing on State's Motion for Rehearing, addressed the issue thusly:

"We must look to the *employment relationship* to determine who is the proper owner under Section 1.07(a)(24), supra. In any modern corporation, responsibility will probably extend to several different people at various levels within the organization." [emphasis added] at pg. 250.

In *Cross v. State*, 590 S.W.2d 510 (Tex. Cr.App.1979), the defendant was convicted of theft for stealing a commemorative watch. The alleged owner, a supervisor for Southwestern Bell, testified that her responsibilities included ordering watches for a benefit committee for Southwestern Bell. She stated that she used a standard form that was forwarded through channels to the committee. The watch would then be sent directly to her for presentment to the honored employee. The watch was stolen from Southwestern Bell's mail room before the supervisor had a chance to receive it. We held that it is the *employment relationship* that determines whether a given individual is an "owner" within the meaning of Sec. 1.07(a)(24), supra.

If we examine the *employment relationship* of Jervis White to the Louis Shanks entity, we find that the evidence is uncontradicted that White was the store manager of the Anderson Lane store. It is further clear from the record that when White answered "yes" to the prosecutor's question concerning whether or not one of *his* vehicles was burgled, he meant a Shanks vehicle. This is wholly consistent with this Court's prior holding in *Eaton v. State*, 533 S.W.2d 33 (Tex.Cr.App.1976), wherein we held that when property referred to in a charging instrument belongs to a corporation, it is not only permissible but the better pleading practice to allege ownership in a natural person acting for the corporation.

Additionally, the evidence is totally uncontroverted that White did not give the appellant any consent or permission to enter the vehicle and that "we (Shanks) maintain about five trucks and two Econolines" in the downtown warehouse location. Where, as here, there has been no objection to such testimony and no evidence to prove the contrary as to ownership, the evidence should be clearly sufficient to show White as the special owner. See, *Williams v. State*, 537 S.W.2d 936 (Tex.Cr.App.1976).

Although it is certainly true that the State's case would have been stronger if, as suggested in Judge Clinton's concurrence, a certificate of title showing ownership of the vehicle in Shanks had been introduced into evidence and a warehouse supervisor had testified that appellant had no consent to enter the vehicle, the inescapable conclusion under the rationale of *Compton*, supra, is that White had the greater right of possession to the vehicle than did the appellant.

Whether one agrees with the rationale in *Compton* or not, it seems to me, is of little moment in the case at bar, because absolutely none of the evidence presented on the issue of ownership is controverted. Clearly, from the record, the entire thrust of appellant's attack upon the State's case during trial was in the area of idem sonans and not proof of ownership.

I believe that under the rationale of *Compton* or simply under Sec. 1.07(a)(24), supra, the evidence was more than sufficient to prove ownership, and, although the holding in *Compton* might well be subject to reexamination as suggested by the concurrences, I would urge that the case sub judice is not the proper vehicle.

To the majority's misapplication of *Compton*, and to its turning of the term "owner" from white to black, I dissent.

TOM G. DAVIS, W.C. DAVIS and McCORMICK, JJ., join in this dissent.

#### OPINION ON STATE'S MOTION FOR REHEARING

W.C. DAVIS, Judge.

On rehearing the State argues that our opinion on original submission erroneously

concluded that the proof was insufficient to show that Jervis White was the owner of the vehicle stolen by appellant. After a review of the facts of this case, we now conclude that the dissenting opinion was correct on original submission and we adopt it.

In accordance with the expanding notion of ownership as defined in V.T.C.A. Penal Code Sec. 1.07(a)(24) and explained in *Compton v. State*, 607 S.W.2d 246 (Tex.Cr. App.1979), we find the evidence more than sufficient that White was the "special owner" of the truck in question. It cannot be seriously doubted that the proof adequately showed that White, a store manager of Louis Shanks, had a greater right to possession than appellant.

Accordingly, the judgment of the Court of Appeals upholding appellant's conviction is affirmed.

ONION, P.J., and CLINTON, TEAGUE and MILLER, JJ., dissent.