IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-586-CR




GARY DON ROBINSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 105,331, HONORABLE BOB PERKINS, JUDGE


 





PER CURIAM

 A jury found appellant guilty of unauthorized use of a vehicle. Tex. Penal Code
Ann. § 31.07 (West 1989). The court assessed punishment, enhanced by a previous felony
conviction, at imprisonment for fifteen years. Because we find it dispositive of the appeal, we
will address only appellant's second point of error, by which he contends that the evidence does
not support the judgment. 

 The vehicle in question was a 1990 Mitsubishi Eclipse. On April 10, 1990, the car
was discovered to be missing from the inventory at Town North Mitsubishi ("the dealership"). 
Joe West, who at all pertinent times was employed by the dealership as its used car manager, was
instructed by his general manager to report the theft to the police. As a result, West's name was
entered into police records as owner of the vehicle, although the evidence is undisputed that the
vehicle belonged to the dealership when it was stolen.

 The dealership also reported the theft to its insurance carrier, Yasuda Fire and
Marine ("Yasuda"). On or about June 25, 1990, when the car had not been recovered, Yasuda
issued a check to the dealership for $11,588.88 and the dealership assigned the vehicle to Yasuda
as evidenced by its endorsement on the back of the certificate of origin. (1) Charlene Glimp, the
accounting clerk at the dealership who executed the assignment, testified that as of June 25,
Yasuda owned the stolen vehicle.

 On August 19, 1990, appellant was stopped for speeding in Williamson County by
a Department of Public Safety trooper. He was driving the stolen Mitsubishi Eclipse. The
evidence reflects that appellant was employed by the dealership at the time the car was stolen, but
was not so employed at the time of his arrest. Both West and the general manager of the
dealership testified that appellant did not have their consent to operate the vehicle on August 19.

 The court's charge instructed the jury that it could convict appellant only if it found
that "on or about the 19th day of August, A.D. 1990, in the County of Williamson . . . [he] did
intentionally or knowingly operate a motor-propelled vehicle reported stolen in Travis County
owned by Joe West, without his effective consent." Appellant argues that any claim to ownership
by West ended on June 25, when ownership of the vehicle was transferred by the dealership to
Yasuda. From this, appellant concludes that the State failed to prove that West was the owner of
the vehicle at the time of the offense.

 The dealership is located in Austin, Travis County. At the time of his arrest,
appellant had a business card in his possession reflecting that he sold used cars in Seguin,
Guadalupe County. There is no evidence that appellant lived or worked in Williamson County,
or that appellant operated the car in Williamson County on any day other than August 19. 
Therefore, under both the indictment and the charge, the State bore the burden of proving that
West was the owner of the car on that day. 

 An "owner" is a person who has title to the property, possession of the property,
or a greater right to possession of the property than the actor. Tex. Penal Code Ann. §
1.07(a)(24)(A) (West Supp. 1992). It is undisputed that West had neither title to nor possession
of the stolen Mitsubishi Eclipse on August 19, 1990. Therefore, the question presented is whether
West had, on August 19, a greater right to possession of the automobile than appellant.

 In cases involving the theft or unauthorized use of property owned by a corporation
or other business entity, it is "the better pleading practice" to allege "special" ownership in some
person acting for the corporation. Compton v. State, 607 S.W.2d 246, 250 (Tex. Crim. App.
1980) (opinion on rehearing). In such cases, it is the employment relationship that determines
whether a given individual is an owner within the meaning of § 1.07(a)(24)(A). Dingler v. State,
705 S.W.2d 144, 149 (Tex. Crim. App. 1984) (dissenting opinion adopted on motion for
rehearing). An employee of the corporate owner of the property is said to have a greater right
to possession of the property than a stranger. See Smallwood v. State, 607 S.W.2d 911, 913
(Tex. Crim. App. 1980) (opinion on rehearing) (by virtue of his employment, loading dock
worker at department store had greater right to possession of store property than shoplifter).

 On August 19, 1990, West was an employee of the dealership. Appellant was not. 
Therefore, if the dealership had been the owner of the Mitsubishi Eclipse on that day, West would
have had a greater right to possession of the vehicle than appellant by virtue of his employment. 
But the dealership did not own the car on that day. On June 25, 1990, it had assigned its interest
in the car to Yasuda following receipt of the insurance payoff. The uncontradicted evidence
establishes that Yasuda owned the car on August 19. There is no evidence that West was
employed by or an agent of Yasuda.

 Two Austin police officers testified that the assignment of the stolen car to Yasuda
by the dealership was not reported to them. On August 19, the police department records still
reflected that the car belonged to the dealership and that West was the person to contact upon
recovery of the vehicle. But neither the dealership nor West can be said to have retained an
ownership interest in or right to possession of the stolen vehicle merely because the insurance
payoff and assignment was not reported to the police.

 One of the officers, Penny Cockman, contacted West and obtained from him "a
non-consent statement, which is just a sworn statement given to me stating that no one had
permission to take or to operate or otherwise use this motor vehicle." From her testimony, it is
clear that the lack of consent to which the officer referred related to the original taking of the
vehicle. Cockman testified that she did not know who owned the car on the day it was recovered. 
She also testified that had she known that the insurance payoff had been made, "I would have dealt
with the insurance company, although, I also would have contacted Mr. West." That West was
contacted by the police after the car was recovered, and would have been contacted even if the
payoff had been reported, is not evidence that he had a right to possess the vehicle. 

 There is no evidence that West had any greater right to possession of the Mitsubishi
Eclipse than appellant on August 19, 1990, the day appellant was shown to have operated the
vehicle in Williamson County without West's consent. Because of this failure of proof, the
judgment of conviction is reversed and reformed to reflect an acquittal. Burks v. United States,
437 U.S. 1 (1978); Greene v. Massey, 437 U.S. 19 (1978).



[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Reversed and Reformed to Reflect an Acquittal

Filed: September 23, 1992

[Do Not Publish]
1. A certificate of origin or manufacturer's certificate is a certificate showing original transfer
of a new motor vehicle from the manufacturer to the original purchaser, whether importer,
distributor, dealer, or owner, and on which all subsequent transfers from distributor to dealer,
dealer to dealer, and dealer to owner must be recorded. Tex. Rev. Civ. Stat. Ann. art. 6687-1,
§ 22 (West 1977).