IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-310-CR




BRYSON LEE McCLINTON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL

DISTRICT


NO. CR92-0729-B, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of theft, third offense, and assessed punishment at
imprisonment for ten years. Tex. Penal Code Ann. § 31.03 (West 1989 & Supp. 1993). In two
points of error, appellant urges that the evidence is insufficient to sustain the conviction.

 Socorro Arreosoalo testified that while shopping at the San Angelo Salvation Army
Thrift Shop, she saw appellant take a typewriter from a shelf and walk outside without paying. 
She told the manager of the shop, Angie Lane, what had happened and Lane unsuccessfully
attempted to stop appellant. Lane confirmed Arreosoalo's identification of appellant as the man
in question, but was unable to confirm her testimony that the stolen property was a typewriter. 
Lane testified that she did not clearly see the object appellant was carrying as he fled, and that the
thrift shop did not maintain an inventory of its merchandise.

 In point of error one, appellant argues that Lane's testimony was insufficient to
identify the stolen property as a typewriter. This is true, but the argument ignores Arreosoalo's
testimony. Her testimony was sufficient to support a finding that the object in question was a
typewriter. 

 In his second point of error, appellant urges that the evidence does not exclude the
hypothesis that the typewriter belonged to him, that he brought the typewriter into the store, and
that no theft took place. The reasonable alternative hypothesis test is no longer used in
determining the legal sufficiency of the evidence. Geesa v. State, 820 S.W.2d 154 (Tex. Crim.
App. 1991). Appellant also argues that the State did not prove that the typewriter belonged to
Lane, as alleged. Lane testified that she was the manager of the thrift store and that appellant did
not have permission to take the typewriter from the store. See Dingler v. State, 705 S.W.2d 144,
149 (Tex. Crim. App. 1984) (dissenting opinion adopted on motion for rehearing).

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d 155
(Tex. Crim. App. 1981). We hold that the testimony of Lane and Arreosoalo, when viewed in
the light most favorable to the verdict, was sufficient to support the jury's verdict with respect to
the challenged elements. Points of error one and two are overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: April 14, 1993

[Do Not Publish]