

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00707-CV

**IN THE MATTER OF J.V.**

From the 98th District Court, Travis County, Texas
Trial Court No. J-33082
Honorable W. Jeanne Meurer, Judge Presiding

Opinion by: Karen Angelini, Justice

Sitting: Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebeca C. Martinez, Justice

Delivered and Filed: May 15, 2013

AFFIRMED

This is an appeal from a juvenile adjudication in which the State alleged J.V. committed

the offense of criminal trespass. After a bench trial, the trial court found the State's allegations to

be true, adjudicated J.V. delinquent, and placed him on probation. In one issue on appeal, J.V.

contends the evidence was insufficient to establish that he committed the offense of criminal

trespass. We affirm the trial court's judgment.

### BACKGROUND

During the bench trial in this case, the State called Kevin Thompson, an Austin

Independent School District Police Officer, to testify. Thompson testified that on the date of the

alleged offense, he was assigned to the Alternative Learning Center and was told by a teacher

that J.V., a student at the school, was standing outside the school. Thompson went outside and

asked J.V. to come inside the school. According to Thompson, J.V. refused. So, Thompson told J.V. that if he was not going to come inside, he had to leave. Thompson testified that he also told J.V. if he did not leave in a timely manner, J.V. would be arrested for criminal trespass. J.V. left but then returned. Thompson then told the security monitor to tell J.V. that he had to leave or be arrested. J.V. left, but again returned. Thompson testified that he then told J.V. for a third time that unless he left he would be arrested. J.V. again left. However, later, Thompson's partner radioed Thompson, telling him that J.V. had returned to campus. Thompson told his partner to place J.V. in custody and send him to Thompson's office. J.V. was then arrested for trespassing.

Thompson further testified that it was within his professional capacity to tell people they are no longer permitted to be on the campus by virtue of the fact that he is a police officer. According to Thompson, although the school administrators usually get involved, because no administrators were there at the time of the incident, he took it upon himself to make sure J.V. was aware that failing to leave campus would result in his arrest.

J.V. testified that on the day of the alleged offense, he arrived at the school, but did not go into the building because he did not want to go to school. He used a security guard's phone to call his mother to come and get him, but his mother did not answer the phone. According to J.V., Thompson only warned him one time that if he did not leave the campus he would be arrested. J.V. testified that he did understand that he was not allowed back on campus and that he had broken a school rule – trespass. J.V.'s mother testified that she did not answer the phone when J.V. called from the school because she wanted him to stay at school.

### SUFFICIENCY OF THE EVIDENCE

J.V. argues that the evidence is both legally and factually insufficient to establish that he committed the offense of criminal trespass. Although juvenile proceedings are civil matters, the standard applicable in criminal matters is used to assess the sufficiency of the evidence

underlying a finding the juvenile engaged in delinquent conduct. *In re R.R.*, 373 S.W.3d 730, 734 (Tex. App.—Houston [14th Dist.] 2012, pet. filed); *In re A.O.*, 342 S.W.3d 236, 239 (Tex. App.—Amarillo 2011, pet. denied). And, the Texas Court of Criminal Appeals has determined that the legal-sufficiency standard as enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), is the only standard that should apply in determining whether the evidence is sufficient to support each element that the State is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Thus, we do not consider J.V.'s factual sufficiency issue, but only consider whether the evidence is legally sufficient to sustain a verdict of guilty beyond a reasonable doubt.

In a *Jackson v. Virginia* evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1763 (2012). The court of criminal appeals has explained that this standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Adames*, 353 S.W.3d at 860. Therefore, on appellate review, we determine whether based on "cumulative force of all the evidence" the necessary inferences made by the trier of fact are reasonable. *Id.* We conduct this constitutional review by measuring the evidentiary sufficiency with "explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.*

A person commits criminal trespass if he enters or remains on the property of another without effective consent and he had notice entry was forbidden or had received notice to depart but failed to do so. TEX. PENAL CODE ANN. § 30.05(a) (West Supp. 2012). Ownership is not an element of criminal trespass. *Langston v. State*, 855 S.W.2d 718, 721 (Tex. Crim. App. 1993).

The criminal trespass statute requires only that the defendant remained on the property of another after having been told to leave. *Id.*

J.V. nevertheless argues that the evidence is legally insufficient to establish he committed the offense of criminal trespass because the State, although not required to do so, named Kevin Thompson as the owner of the property in its Original Petition.[1] According to J.V., if the State names an owner in its Original Petition, rather than merely alleging the accused trespassed on the property of "another," then the State assumes the additional burden of proving ownership of the property. And, according to J.V., because the State did not meet its burden of proving Kevin Thompson was the owner of the property, the evidence was legally insufficient to prove J.V. committed a trespass.

In support of his argument, J.V. cites *Langston v. State*, 855 S.W.2d 718 (Tex. Crim. App. 1993). In *Langston*, the court of criminal appeals did, in fact, state that although ownership is not a necessary allegation to prove the offense of criminal trespass, when the State does allege an owner of the property, it is required to prove that ownership allegation. *Id.* at 721. However, as the State points out, since *Langston* was decided, the Texas Court of Criminal Appeals has required sufficiency of the evidence to be analyzed under the hypothetically correct jury charge. *See Gharbi v. State*, 131 S.W.3d 481, 483 (Tex. Crim. App. 2003); *see also Adames*, 861–63 (explaining that an appellate court applies the *Jackson v. Virginia* standard of review to the hypothetically correct jury charge). In *Gharbi*, 131 S.W.3d at 481, the court of criminal appeals addressed the issue of whether the evidence is sufficient to support a conviction for an offense when the charging instrument contains an unnecessary allegation. The court held that an allegation in a charging instrument that is "not a statutory element or an 'integral part of an

---

[1] The State alleged in its Original Petition that J.V. "did then and there intentionally and knowingly enter and remain on property of Kevin Thompson, the owner, without the effective consent of said owner."

essential element of the offense'" may be disregarded. *Id.* at 483 (quoting *Gollihar v. State*, 46 S.W.3d 243, 253–55 (Tex. Crim. App. 2001)). Thus, in this case, because ownership is not an element of the offense of trespass, the State was not required to prove ownership. *See Langston*, 855 S.W.2d at 721. And, J.V. makes no other argument with regard to sufficiency of the evidence.

Moreover, even if the State had assumed the burden of proving Kevin Thompson was the owner of the property, it met that burden by proving that Thompson had a greater right to possession of the property than J.V. *See Vanderburg v. State*, 874 S.W.2d 683, 684 (Tex. Crim. App. 1994) (holding State may establish ownership in trespass case by proving the complainant had a greater right to possession of the property than the defendant). J.V. acknowledges that this is the law, but nevertheless argues that the evidence in this case failed to show that Thompson had a greater right to possession of the property than J.V.

J.V. relies on *Dingler v. State*, 705 S.W.2d 144 (Tex. Crim. App. 1984), to advance his argument that the State did not meet its burden of establishing that Thompson had care, custody, or control over the property. *Dingler* involved the burglary of a vehicle owned by a furniture store. *Id.* at 144–45. The State alleged the store manager was the owner, but offered no proof that the manager exercised care, custody or control over the vehicle. *Id.* at 146. According to the court in *Dingler*, his position as store manager was not sufficient to establish that he had care, custody, or control over the vehicle. *Id.* The court emphasized that the State had not shown any connection between the vehicle and the store manager. *Id.* Thus, the court held that the evidence was insufficient to support the conviction. *Id.* at 146–47.

J.V. argues that in this case, like in *Dingler*, the State proved nothing more than Thompson's status as an employee of the owner. J.V. points to Thompson's testimony that he was authorized to act by virtue of his position as a police officer, and argues that Thompson's

testimony amounts to no evidence. Further, J.V. argues that because Thompson testified that he acted in place of school administrators who usually handle such matters, the administrators, rather than Thompson, were the actual "owners" of the property. *Dingler*, however, is distinguishable from the facts presented here. In *Dingler*, the State proved only that the store manager was an employee of the store, and failed to prove that the manager had care, custody, or control over the vehicle or any connection whatsoever with the vehicle. *Id.* at 146. In this case, there is sufficient evidence from which the trial judge, as the trier of fact, could conclude Thompson exercised care, custody or control of the property and had a greater right to possession of the property than J.V.

Thompson testified that he was employed as a police officer by the Austin Independent School District and assigned to the Alternative Learning Center where the offense was alleged to have been committed. It is apparent from his testimony that his responsibilities included handling security at the campus and monitoring activities of the students. During his testimony, it was apparent that Thompson held a position of authority because Thompson related that teachers, security monitors and another police officer reported to him that J.V. had returned to the school after having been told to leave. According to Thompson, by virtue of his position as police officer with the school district, he had authority to act as he did. Although Thompson did testify that the administrators usually are involved, such testimony does not necessarily indicate that Thompson did not have the authority to have a student arrested for trespassing when that student refused to leave after having been told to leave. Thus, we find the evidence sufficient to establish J.V. committed the offense of trespass.

We therefore affirm the judgment of the trial court.

Karen Angelini, Justice