**Affirmed and Memorandum Opinion filed August 13, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00810-CR

---

## TIERRA NICOLE ALLEN, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Court at Law No. 3 & Probate Court**
**Brazoria County, Texas**
**Trial Court Cause No. 207295**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Tierra Nicole Allen of theft. The jury sentenced appellant to confinement for 180 days in the Brazoria County Detention Center and assessed a fine of $147.24. Appellant filed a timely notice of appeal. Concluding that the evidence is sufficient to support appellant's conviction, we affirm.

## BACKGROUND

Appellant entered a Wal-Mart around 2:00 a.m. with a group of people and began shopping. Appellant went through the self-checkout lane at Wal-Mart with a number of items in her shopping cart. Appellant scanned some of the items and made payment. Outside the store, appellant was stopped by a Wal-Mart manager, Monic Schaefer-Davidson ("Davidson"), for a "receipt check." Appellant had paid for groceries worth $40.73 but her cart also contained other items, worth $147.24, that were not on the receipt. Another manager, Jeremy Dorsey, testified as a representative of Wal-Mart that appellant did not have consent or permission to take these items.

In her sole issue on appeal, appellant claims the evidence was legally insufficient to support her conviction. Appellant contends there is no evidence to show that she had criminal intent to commit theft. Appellant also argues the State failed to prove the complaining witness was the owner of the goods.

## STANDARD OF REVIEW

When reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Gear v. State,* 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Although we consider everything presented at trial, we do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). Our review

includes both properly and improperly admitted evidence. *See Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *Id.*

## ANALYSIS

### I. Culpable mental state

A person commits the offense of theft if she appropriates property without the owner's effective consent with intent to deprive the owner of property. Tex. Pen. Code Ann. § 31.03(a), (b)(1) (West Supp. 2014); *see also Burgess v. State,* 448 S.W.3d 589, 600 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Appellant first challenges the sufficiency of the evidence to establish the element of intent to deprive.

Proof of a culpable mental state almost invariably depends upon circumstantial evidence. *Gant v. State,* 278 S.W.3d 836, 839 (Tex. App.—Houston [14th Dist.] 2009, no pet.). A culpable mental state can be inferred from the acts, words, and conduct of the accused. *Martin v. State*, 246 S.W.3d 246, 263 (Tex.App.—Houston [14th Dist.] 2007, no pet.). When a defendant is in possession of recently stolen property and, at the time of arrest, fails to provide a reasonable explanation, the factfinder may draw an inference of guilt. *Uyamadu v. State,* 359 S.W.3d 753, 760 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (citing *Hardesty v. State,* 656 S.W.2d 73, 76–77 (Tex. Crim. App. 1983); and *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006)). The jury is the exclusive judge of the credibility of witnesses and the weight of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Davidson identified appellant as the person exercising primary control over the shopping cart. Davidson testified there were several other people with her. In the cart were a TV, infant items, a car seat, clothing items, and grocery items. Appellant pushed the cart to the self-checkout lane and began scanning the grocery items. As appellant was placing the bags of groceries in the cart, she put the other items at the bottom of the cart. Davidson observed appellant fail to bag certain items and conceal them under the bags of items that she had scanned. Appellant did not take the TV but gave it to the cashier. Appellant paid using an EBT (Electronic Benefits Transfer) SNAP (Supplemental Nutrition Assistance Program) card. Outside the store, Davidson stopped appellant to check her receipt. Appellant had paid for fourteen items, groceries worth $40.73. However, her cart also contained fifteen items, including DVDs, CDs, clothing, and a cable, worth $147.24 in total, for which appellant had not paid. Those items were found under the bags of groceries. Davidson testified that she believed appellant was intending to deprive Wal-Mart of those items because she made no attempt, prior to passing all points of sale, to pay for them.

According to Davidson, appellant acted like she did not know the items were there, indicated it was a mistake, and wanted to pay for the items. Appellant apologized to Davidson. It was Davidson's testimony that the EBT SNAP card appellant used to pay for the groceries could not be used to pay for CDs or DVDs. Some items in appellant's cart, such as the car seat and some clothing, were not approved for purchase with the EBT SNAP card and were left with the cashier.

On cross-examination, Davidson testified that a man actually pushed the cart out of the store and other people also put items into the cart. Appellant was the only one that paid for anything.

4

Dorsey also identified appellant as the person exercising control of the shopping cart. Dorsey, who was observing appellant via security video camera, testified that appellant pushed the cart to the self-checkout lane and "they started checking out certain items." He described it as "under-ringing." Appellant paid for some of the items but not others that were hidden under a baby stroller and bags of items already scanned. Dorsey testified appellant was the person who actually completed the transaction at self-checkout. According to Dorsey, appellant passed all points of sale with the items and there were multiple items for which appellant had not paid.

The jury observed the video surveillance. The jury heard evidence from two witnesses that appellant was the person scanning items from the cart. Appellant was observed placing unscanned items under the bags of groceries that she had scanned. Outside the store, the items placed under the grocery bags were not on the receipt. Appellant had not paid for a total of fifteen items. Examining all of the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have inferred from appellant's conduct that she had the requisite intent to commit theft.

## II. Ownership of the property

Appellant's second challenge is that the evidence is insufficient to establish the property was appropriated without the owner's effective consent. An "owner" is a person with either title or possession to the property, or a greater right to possession of the property than the actor. *Byrd v. State*, 336 S.W.3d 242, 252 (Tex. Crim. App. 2011). A "special owner" is a person who has actual custody or control of property that belongs to another person. *Id.* Ownership may be alleged in either an actual owner or a special owner under Texas pleading rules. *Id.* It is permissible to allege the corporation "as the owner of the property and then call any agent or

5

employee who holds a relevant position in the company to testify that the corporation did not give effective consent for a person to steal or shoplift its property." *Id.* It is also permissible to allege ownership in a natural person acting for a corporation when property referred to in a charging instrument belongs to the corporation. *Dingler v. State,* 705 S.W.2d 144, 145 (Tex. Crim. App. 1984).

In this case, the State alleged the stolen property was "owned by Jeremy Dorsey, Wal-Mart, hereinafter styled the owner." Essentially, Dorsey was named as "special owner" acting on behalf of Wal-Mart, a corporation. *See Dingler*, 705 S.W.2d at 145; *see also Byrd,* 336 S.W.3d at 251–53 (noting State could allege a "special owner" in the indictment as the owner of the stolen property rather than the corporation itself.).

Some form of possessory interest in someone other than the accused is an essential element of the offense that must be alleged and proved. *Freeman v. State*, 707 S.W.2d 597, 605 (Tex. Crim. App. 1986). "However, where the accused does not assert a possessory interest in property allegedly stolen, but the State proves that another had a possessory interest in the property, then, as a matter of law, between the two, the latter has established that he had the greater right to possession of the property, and in turn the State has established a prima facie case of ownership." *Id.*

Dorsey testified that he was an assistant manager for Wal-Mart on the date of the theft. Dorsey stated that he was Wal-Mart's representative in this case and that as a representative of Wal-Mart, he was the owner of the stolen items. Dorsey testified that he did not give appellant consent to take the items. No evidence to the contrary was presented. Thus there was evidence that Dorsey had a greater possessory right to the stolen property than appellant. We therefore conclude, examining all of the evidence in the light most favorable to the verdict, that a

rational trier of fact could have found the property was appropriated without the owner's effective consent.

## CONCLUSION

For these reasons, we hold that a reasonable jury could find beyond a reasonable doubt that appellant committed the offense of theft. We overrule appellant's issue and affirm the trial court's judgment.


/s/    J. Brett Busby
        Justice


Panel consists of Justices Jamison, Busby, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).