

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00191-CR

---

ASHLEY ELAINE BREWER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 081305-C-CR, Honorable Ana Estevez, Presiding

---

April 16, 2024

## OPINION ON REHEARING

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

By opinion and judgment dated March 19, 2024, this Court affirmed Ashley Elaine Brewer's theft conviction.[1] Pending before this Court is Appellant's *Motion for Rehearing* by which she asserts this Court's prior opinion puts her at risk of double jeopardy due to the transposed name of the complainant in the indictment. The State filed a response citing *Arellano v. State*, 54 S.W.3d 391, 395 (Tex. App.—Waco 2001, pet. ref'd), which

---

[1] *See Brewer v. State*, No. 07-23-00191-CR, 2024 Tex. App. LEXIS 1940, at *1 (Tex. App.—Amarillo March 19, 2024, no pet. h.).

references an outdated line of cases that predate the 1985 constitutional changes discussed in *Byrd v. State*, 336 S.W.3d 242, 249–50 (Tex. Crim. App. 2011). The outdated cases involved fatal variances where indictments identified the complainants by first and last names, but the evidence established the complainants' names were reversed. Remaining convinced our original disposition was correct, we nevertheless withdraw our original opinion and judgment, deny the motion for rehearing, and substitute this opinion in lieu thereof.

"What's in a name? That which we call a rose by any other name would smell as sweet."[2] Following a plea of not guilty, Appellant, Ashley Elaine Brewer, was convicted by a jury of theft of property valued at less than $2,500, enhanced by two prior theft convictions.[3] On the jury's recommendation of community supervision, the sentence was suspended for two years and $1,250 of a $2,500 fine was also suspended. By a sole issue, Appellant maintains the evidence is insufficient to support her conviction where the indictment and jury charge incorrectly named the complainant which could implicate double jeopardy in the future. We affirm.

## BACKGROUND

Appellant was charged with theft of a python from a pet store. The complainant, who managed the store, Javier Jimenez, was named "Jimenez Javier" in the indictment

---

[2] *Byrd v. State*, 336 S.W.3d 242, 253–54 (Tex. Crim. App. 2011) (quoting SHAKESPEARE, ROMEO AND JULIET, Act II, Scene II).

[3] TEX. PENAL CODE ANN. § 31.03(e)(4)(D).

and jury charge.[4]  Throughout trial, however, he was referred to as Javier Jimenez. During cross-examination, he testified he has never used "Jimenez Javier" as an alias.[5]

After the State presented its case-in-chief, the defense moved for a directed verdict arguing the State had failed to prove the identity of the owner of the python due to the manager's first and last names being transposed in the indictment.  The trial court denied the motion.

Appellant was the only witness for the defense.  The jury found her guilty as charged.  This appeal followed in which she asserts the evidence is insufficient to sustain her conviction due to the incorrect name of the complainant in the indictment and jury charge.

## STANDARD OF REVIEW—SUFFICIENCY OF THE EVIDENCE

The only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)*.  See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).  We consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, any rational juror could have found the essential elements of the crime beyond a reasonable

---

[4] It is well settled that when property referred to in a charging instrument belongs to a corporation, it is a better pleading practice to allege ownership in a natural person acting for the corporation.  TEX. CODE CRIM. PROC. ANN. art. 28.01.

[5] Perhaps a simple comma between the last and first name would have obscured the mistake.

3

doubt.  *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).  In evaluating

the sufficiency of the evidence, we compare the elements of the offense as defined by a

hypothetically correct jury charge to the evidence adduced at trial.  *Thomas v. State*, 444

S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex.

Crim. App. 1997)).

## ANALYSIS

Appellant contends the misidentification of the complainant in the indictment and

jury charge are not *idem sonans* and could subject her to double jeopardy.  We disagree.

The doctrine of *idem sonans* permits the misspelling of a name in legal documents

if the attentive listener would find difficulty distinguishing the misspelling from the proper

spelling when pronounced.  *Martin v. State*, 541 S.W.2d 605, 608 (Tex. Crim. App. 1976).

Under the doctrine, absolute accuracy in the spelling of a name is not required.  *Dingler

v. State*, 705 S.W.2d 144, 145 (Tex. Crim. App. 1984).

"A variance occurs when there is a discrepancy between the allegations in the

indictment and the proof offered at trial."[6]  *Byrd*, 336 S.W.3d at 244.[7]  It is fatal only if it is

material and prejudices the defendant's substantial rights by either failing to give notice

---

[6] The State argues there was no variance between the owner alleged and the evidence presented but then concludes that any "variance" did not prejudice Appellant.  Considering the complainant's first and last names were transposed, we review the mistake to analyze whether the variance was material.

[7] In *Byrd*, the defendant was indicted for theft from Mike Morales but at trial, his name was never mentioned or connected to the actual owner—Wal-Mart.  No one noticed the discrepancy throughout trial. The Court of Criminal Appeals held the State failed to prove Mike Morales had any ownership interest in the property, reversed the court of appeals' holding that the variance was immaterial, and rendered a judgment of acquittal.

of the charges or by allowing a second prosecution for the same offense.[8]  *Id.* at 248; *Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001).  A material variance between the indictment and the evidence presented at trial renders the evidence insufficient.  *Gollihar*, 46 S.W.3d at 257.

The doctrine of *idem sonans* focuses on pronunciation rather than spelling to determine whether a variance is material.  *Farris v. State*, 819 S.W.2d 490, 496 (Tex. Crim. App. 1990), *overruled on other grounds*, *Riley v. State*, 889 S.W.2d 290, 301 (Tex. Crim. App. 1993) (op. on reh'g).  In the underlying case, the complainant's name was not misspelled but his first and last names were transposed.  We concede the complainant's proper name and the name alleged in the indictment do not sound alike and agree with Appellant that the names are not *idem sonans*.

The State's mistake, however, did not result in prejudice to Appellant's substantial rights.  Post *Byrd*, the Court of Criminal Appeals has noted the "bottom line" in a sufficiency review tolerates variances "as long as they are not so great that the proof at trial 'shows an entirely different offense' than what was alleged in the charging instrument." *See Ramjattansigngh v. State*, 548 S.W.3d 540, 547 (Tex. Crim. App. 2018). *See also Johnson v. State*, 364 S.W.3d 292, 295 (Tex. Crim. App. 2012) (tolerating variance in pleading and proof for a non-statutory allegation).

In the underlying case, although the complainant's first and last names in the indictment were transposed, the State established during the complainant's testimony that he was the manager of the entity from which Appellant stole the python.  The State

---

[8] Appellant acknowledges notice of the charges against her is not an issue.

alleged Appellant committed theft and the evidence proved that theft. Measuring the evidence based on a hypothetically correct jury charge, the State proved beyond a reasonable doubt the person alleged in the indictment, i.e., "Jimenez Javier," was the "owner" for purposes of the theft statute.[9] *See Byrd*, 336 S.W.3d at 244. The variance was not so great as to show an entirely different theft was committed. Thus, we conclude the variance was not material.[10] *See id.* at 248.

Appellant also argues the State failed to prove an element of theft—the rightful owner of the stolen property. Although *Byrd* clarified that the name of the owner is not a "substantive element of theft," despite any discrepancies, the State must still prove beyond a reasonable doubt that the person alleged in the indictment is the same person shown by the evidence. *Id.* at 252–53. In the underlying case, although the complainant testified he had never been known as "Jimenez Javier," the evidence established he was the "owner" of the pet store from which Appellant stole the python.

As to Appellant's double jeopardy argument, jeopardy attached, and the State proved its case. The evidence showed "Jimenez Javier" and "Javier Jimenez" are not different persons. Because the evidence established the owner of the python was the same person as alleged in the indictment, any attempt to reindict Appellant for a theft

---

[9] "Owner" is defined as a person who has a greater right to possession of the property than the actor. TEX. PENAL CODE ANN. § 1.07(a)(35)(A).

[10] Although we find the variance was not material, we note the State had at least two opportunities during trial to amend the indictment but failed to do so. *See Sanchez v. State*, No. 07-02-00287-CR, 2004 Tex. App. LEXIS 4440, at *5 (Tex. App.—Amarillo May 17, 2004, no pet.) (noting there was no risk of double jeopardy given the State's amendment of the indictment to correct a misspelling).

6

from "Javier Jimenez" would appear vindictive and be barred by double jeopardy. Appellant's sole issue is overruled.

**MOTION FOR EN BANC RECONSIDERATION**

Appellant's *Motion for En Banc Reconsideration* is this day denied.

**CONCLUSION**

The trial court's judgment of conviction is affirmed.

Alex Yarbrough
Justice

Publish.