FRANK MARTINEZ V. THE STATE.

No. 22021. Delivered March 18, 1942.
Rehearing Denied April 29, 1942.

The opinion states the case.

*Schlesinger, Goodstein & McGuire,* of San Antonio, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a penalty of fifty years on a charge of murder. The indictment was returned on the 11th day of June, 1941, and his case was called for trial on the 14th day of July, 1941, at which time appellant filed his motion for continuance based on the absence of a witness who was confined in a hospital with a broken limb. Proper showing was made that the witness had been subpoenaed and that he was unable to attend the trial as a witness. The court overruled the motion and this is presented as the sole ground upon which this court is asked to reverse the case.

In the first place it is doubtful that the importance of the testimony in the case is sufficiently shown by the bill of exception to warrant this court in saying that the trial court abused his discretion. In the absence of an examination of the entire record we will be unable to do so.

The motion itself is fatally defective in that it recites "that this continuance is not sought *for delay only.*" Thus, it is seen the motion does not meet the statutory requirements. Vernon's Ann. C. C. P. Art. 543, Sec. 5; Russell v. State, 88 Tex. Crim. Rep. 582, 228 S. W. 948; Perkins v. State, 120 Tex. Crim. Rep. 399, 46 S. W. (2d) 672; White v. State, 131 Tex. Crim. Rep. 69, 95 S. W. (2d) 429; Allen v. State, 141 Tex. Crim. Rep. 94, 146 S. W. (2d) 384.

Furthermore, in his motion for new trial complaint was made of the refusal of the court to grant such continuance. The State filed contest to this motion to which is attached an affidavit from the absent witness denying that he would give the testimony which appellant sought to have. In consequence of this, appellant's bill of exception fails to present error requiring reversal of his case.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

If we understand appellant's position in insisting that a reversal of this case should be ordered because of the trial

court's overruling the motion for a continuance, it is that the previous decisions of this court holding a motion for a continuance defective in the particular here pointed out are wrong and should be overruled; or that, notwithstanding the defect, the motion should, nevertheless, be considered. We are unable to find ourselves in accord with either position, because of the fact that the defect here presented lies in appellant's failure to observe a mandatory provision of the statute (Art. 543, Sec. 5, C. C. P.), which requires that an application for a continuance shall state, among other things: "That the application is not made for delay." We know of no authority by which we would be justified in waiving compliance with this statute. Moreover, in the light of the record as a whole, the absent testimony was not of such a character as would have been calculated to produce a different result upon another trial; nor was there anything before the trial court tending to show that the absent witness would have testified as alleged or that such was probably true. In the light of such facts, there is an absence of any showing that the trial court abused his discretion in overruling appellant's motion for a new trial.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.