## HENRY HAROLD WARE V. THE STATE.

No. 22891. Delivered June 21, 1944.

The opinion states the case.

*H. R. Bishop,* of Fort Worth, for appellant.

*Marvin H. Brown, Jr.,* Criminal District Attorney., *M. Hendricks Brown,* First Assistant District Attorney, and *Harry N. Ward,* Assistant District Attorney, all of Fort Worth, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Burglary is the offense; the punishment, two years in the State penitentiary.

That Everett's Pharmacy, in Fort Worth, Texas, was, on the night of November 1, 1945, burglarized, by someone, is shown by the testimony of the owners thereof. Appellant's guilty participation in, and connection with, the burglary is established by his two written confessions. Such facts authorized the jury's conclusion of guilt.

The appellant did not testify as a witness in his own behalf.

Appellant complains of the failure of the trial court to grant his first application for a continuance, because of the absence of the testimony of his wife, by whom he could have established an alibi. The State calls attention to the fact that said application for a continuance is defective in that it does not contain the averment. "That the application is not made for delay," as provided by Subd. 5, Art. 543, C. C. P. Such omission renders the application fataly defective. Martinez v. State, 144 Tex. Cr. R. 143, 161 S. W. (2d) 75, and authorities there cited.

Bills of exception appear complaining of the receipt in evidence of the confessions. It appears that, on the 28th day of November, 1943, appellant made a written confession, and, on the following day, he made another. Both of these confessions were introduced in evidence by the State. Appellant insists that these two confessions are contradictory of each other in material details, and that, as a result thereof, neither has any probative force. While the confessions may be contradictory in some matters, there is no contradiction between them as to appellant's guilty participation in, and connection with, the burglary. Each confession admits such fact, and this is all that is necessary to show appellant's guilt. The confessions are shown to have been made in accordance with the law governing same (Art. 727, C. C. P.), and no valid objection to their introduction appears.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.