ISABEL MORALES v. STATE.

No. 25775. March 26, 1952.

Sam G. Reams, Judge Presiding.

No attorney for appellant of record on appeal.

*George P. Blackburn*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of cattle theft under an indictment alleging theft of two cattle belonging to Pedro Pena. The jury assessed the punishment at 2 years in the penitentiary and rejected his plea for suspension of sentence.

Pedro Pena testified that 2 heifers owned by one Vasquez disappeared from his pasture where he was taking care of them for the owner; that the cattle were in his possession and control and that he was in charge of them at the time they dis-

appeared, under an agreement with Vasquez, who was away picking cotton.

The heifers, together with a calf born to one of them after they were taken away, were found by Ranger Bridge and were identified and returned to Pena's farm.

Appellant's confession was offered in evidence wherein he said that he and his brother took the cattle from Pena's pasture and hauled them to Alice where the brother sold them at the sales barn.

There was other testimony corroborating the state's theory which need not be discussed.

Appellant testified and denied any knowledge of the theft. He claimed also that he did not know what was in the confession when he signed it. The jury, under appropriate instructions from the court, accepted the state's theory, and the evidence sustains their verdict.

We overrule appellant's contention that ownership was not properly alleged. The state may allege ownership of personal property to be in the actual owner, or in one who exercises the actual care, control and custody thereof, known in law as the special owner. See Branch's Ann. P.C. Sec. 2434, p. 1316.

Under the facts, Pedro Pena was shown to be the special owner of the cattle, and there was no variance between the indictment alleging ownership in him and in the proof to the effect that he exercised care, control and custody over the cattle for the true owner, Vasquez.

The evidence being sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.