Gene **CASTILLO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44041.

Court of Criminal Appeals of Texas.

July 28, 1971.

Richard D. Naylor, Pecos, James M. O'Leary, Odessa, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This appeal is from a conviction for felony theft. Two prior convictions were alleged for enhancement under Article 63, Vernon's Ann.P.C. The punishment was assessed by the jury at life.

The record reflects that on or about November 5, 1969, six or eight brass pump bowls valued at approximately eighty to one hundred dollars each were stolen from the premises of Baker Pump Company, Inc., in Pecos. Two of these bowls were purchased from the appellant by Raymond Cowan, a junk dealer, on November 6, 1969.

The appellant complains in his first ground of error that the trial court erred in overruling his motion for an instructed verdict. His motion alleged fatal variance because the proof at trial failed to show ownership of the property at the time of the offense in John Bardin as alleged in the indictment.

Where stolen property is owned by a corporation, it is proper and better practice to allege in the indictment that such property was taken from the custody and control of a natural person acting for the corporation. Osborne v. State, 93 Tex. Cr.R. 54, 245 S.W. 928. See Branch's Ann. P.C., 2nd ed., Sec. 2626. It is then necessary to prove this natural person is the special owner of the property; i. e., the person who exercised care, control and custody thereof. Morales v. State, 157 Tex.Cr.R. 142, 247 S.W.2d 249.

Article 21.08, Vernon's Ann.C.C. P., provides in part: "Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. * * *" Ownership must be established as of the date of the offense. Harris v. State, Tex.Cr.App., 471 S.W.2d 390. The record shows that John Bardin owned some forty-nine percent of the stock of Baker Pump Company Inc., on November 5, 1969, the time of the theft. He purchased the remaining shares on November 21, 1969. The record reflects, however, that John Bardin exercised care, control and custody of the property on and before November 5, 1969. On direct examination, Bardin testified, "On or about November the 5th, I had about six or eight

brass bowls stolen," and that he reported this to the Sheriff's office in Reeves County. He also testified that the theft was reported to him by "some of the other hands." Bardin further testified that the appellant worked for him in October but not when the articles were stolen. Bardin also testified that shortly after the theft he called all the employees of the company into his office, stating that if any one of them had taken the articles and admitted it he "would be lenient and wouldn't file charges." The record shows that Bardin was in a managerial position of the company and had custody and control of the stolen articles at the time of the theft, which is sufficient under Article 21.08, supra. Appellant's first ground of error is overruled.

In his second ground of error, appellant complains of the trial court's refusal to permit him to call an alibi witness in his behalf. A defendant has the right to have compulsory process for obtaining witnesses in his favor. Article 1, Section 10, Constitution of the State of Texas, Vernon's Ann.St., Article 1.05, V.A.C.C.P. The record reflects no refusal by the trial court but, rather, that the trial court gave appellant every opportunity to locate and call the witness, even issuing a subpoena for her.

Appellant's counsel at trial submitted no alibi defense. Appellant complained of this, and the court granted him a hearing on an amended motion for new trial on April 3, 1970, and appointed new counsel to represent him in this matter. A subpoena was issued for the witness, and three hearings were held with other witnesses appearing. The motion was finally overruled on May 15, 1970, with the understanding that if appellant's counsel located the witness in question before the trial court lost jurisdiction it would be reopened. Appellant's counsel, who had the subpoena, returned it to the clerk of the trial court on August 17, 1970, and said he was unable to locate the witness. This Court took jurisdiction on March 17, 1971, and the record reflects no finding of the witness during this time span.

Finally, the testimony of witnesses at the hearings on the amended motion for new trial shows that testimony of the absent witness would not have aided appellant in any substantial manner nor produced a different result on another trial, Martinez v. State, 144 Tex.Cr.R. 143, 161 S.W.2d 75, because she would have testified to an alibi at a time other than that at which time the property was either stolen or sold. No error is shown in the court's overruling of the amended motion for a new trial.

Appellant's third ground of error challenges the sufficiency of the evidence claiming that the one witness pointing the finger of accusation at him was an accomplice witness without corroborating testimony. This was the witness Raymond Cowan, who purchased the stolen articles.

Article 38.14, V.A.C.C.P., provides:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; * * *."

Where the witness is an accomplice as a matter of law, the jury must be so instructed. Haines v. State, 134 Tex. Cr.R. 524, 116 S.W.2d 399. Where there is not enough evidence to support a charge against a witness as either principal, accomplice or accessory, he is not an accomplice witness as a matter of law. Devault v. State, Tex.Cr.App., 449 S.W.2d 235; Vela v. State, Tex.Cr.App., 373 S.W.2d 505. Appellant in the instant case only claims that the testimony of Raymond Cowan raises "the possibility that he was an accomplice to the crime in question" because he paid an inadequate price for the items. No claim or showing appears that the witness was an accomplice as a matter of law, and an inadequate price for the stolen articles is not enough to make the purchaser an accomplice as a matter of law. Wynn v. State, 154 Tex.Cr.R. 173, 225 S.

W.2d 414. If his contention is that the evidence is conflicting on the question of complicity and should have been submitted to the jury under Silba v. State, 161 Tex. Cr.R. 135, 275 S.W.2d 108, the matter is not before us for review since the appellant did not object to the court's charge or request a special charge as to the accomplice nature of Cowan's testimony as required by Articles 36.14 and 36.15, V.A.C.C.P. Jones v. State, Tex.Cr.App., 427 S.W.2d 616. Appellant's third ground of error is without merit.

No reversible error is shown. The judgment is affirmed.

ODOM, J., not participating.