Joseph MANNING, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–99–519–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 28, 2000.

Discretionary Review Denied
June 27, 2001.

Grant Jones, Corpus Christi, for appellant.

Carlos Valdez, Nueces County Dist. Atty., Jill S. Williams, Asst. Dist. Atty., Corpus Christi, for appellee.

Before Chief Justice SEERDEN and Justices DORSEY and RODRIGUEZ.

## OPINION

Opinion by Chief Justice SEERDEN.

This is an insurance fraud case. Appellant Joseph Manning was convicted of a class "A" misdemeanor theft, and the jury assessed punishment by a fine of $1,155. *See* TEX.PENAL CODE ANN. § 31.03(e)(3) (Vernon Supp.2001). Manning was accused of stealing money from Farmer's Insurance Company by making a false

claim under his homeowner's insurance policy. The indictment against Manning named Gabe Ramirez, an agent for Farmer's Insurance Company, as a "special owner" of the money. By his sole issue, Manning contends that the evidence is legally insufficient to prove that Ramirez was the owner of the property, as alleged in the indictment. We affirm.

### Standard of Review

A legal sufficiency review calls upon the reviewing court to view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Jackson v.* State, 17 S.W.3d 664, 667 (Tex.Crim.App.2000). In a legal sufficiency review, the fact finder remains the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony. *See Barnes v. State*, 876 S.W.2d 316, 321 (Tex.Crim.App.1994). The appellate court serves to ensure the rationality of the fact finder, but does not disregard, realign, or weigh the evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988). These standards for review apply equally to direct and circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d 154, 161 (Tex.Crim.App.1991).

### Analysis

Theft occurs when a person unlawfully appropriates property with the intent to deprive the owner of it. TEX.PENAL CODE ANN. § 31.03(a) (Vernon Supp.2001). An "owner" is a person who "has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." TEX.PENAL CODE ANN. § 1.07(a)(35)(A) (Vernon 1994). "Possession" means "actu-al care, custody, control, or management." TEX.PENAL CODE ANN. § 1.07(a)(39) (Vernon 1994).

When stolen property is owned by a corporation, it is proper for the indictment to allege that the property was taken from the custody and control of a natural person acting for the corporation, a special owner. *Castillo v. State*, 469 S.W.2d 572, 573 (Tex.Crim.App.1971). The State can prove ownership in three ways: (1) by showing title, (2) by proving possession, or (3) by showing that the alleged owner has a greater right to possession than the defendant. *Eaton v. State*, 533 S.W.2d 33, 35 (Tex.Crim.App.1976).

It is the employment relationship that determines whether a given individual is an owner within the meaning of section 1.07(a)(35) of the penal code. *Cross v. State*, 590 S.W.2d 510, 511 (Tex.Crim.App. 1979). A person acting on behalf of a corporation, with managerial authority and responsibility over its goods, is the effective owner. *Id.; Rabb v. State*, 681 S.W.2d 152, 153 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd); *see also Johnson v. State*, 606 S.W.2d 894, 895 (Tex.Crim.App.1980)(security guard qualified as owner because he had responsibility to protect goods); *Williams v. State*, 537 S.W.2d 936, 939 (Tex.Crim.App.1976)(security guard qualified as owner because he had custody, care, and management of hospital); *Turcola v. State*, 643 S.W.2d 164, 165 (Tex. App.—Dallas 1982, no pet.)(salesperson qualified as owner where she had custody and control of clothing until sold, and responsibility for sales records for the store).

Here, the indictment alleged that Ramirez was the owner of the property alleged to have been appropriated by theft. The State, therefore, had to prove beyond a reasonable doubt that Ramirez had a

greater right of possession to the property than Manning. *See Freeman v. State,* 707 S.W.2d 597, 603 (Tex.Crim.App.1986). Manning contends that Ramirez did not qualify as an "owner" because: Ramirez did not have the ultimate authority to pay Manning's claim; the payment checks to Manning were not issued in Ramirez's name, but were rather issued through one of Ramirez's files; and Ramirez was not involved in the issuance of the checks, nor did he have any personal knowledge regarding the checks after they were issued.

The evidence adduced at trial showed that Ramirez, a claims adjuster for Farmer's Insurance, was specifically assigned to handle Manning's claim. Ramirez testified that he had the responsibility for managing claims: he investigated claims, assessed damages, determined coverage, and assessed the amount to be paid on claims. Although Ramirez did not specifically authorize payment of claims, he did have the authority to stop payment on a claim.

In the instant case, the evidence adduced at trial showed that Ramirez was acting on behalf of Farmer's Insurance with managerial authority and responsibility over its property. *See Cross,* 590 S.W.2d at 511. Ramirez had a greater right to possession of the property than Manning, and thus qualified as an owner. Accordingly, we overrule Manning's sole issue, and affirm the judgment of the trial court.