Opinion filed September 25, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed September
25, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00095-CR 

                                                     __________

 

                           RICHARD
JOSEPH FIELDS, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                  On
Appeal from the County Court at Law No. 2

 

                                                        Midland
County, Texas

 

                                               Trial
Court Cause No. CR111,641

 



 

                                              M
E M O R A N D U M   O P I N I O N

Appellant
was charged by information with theft over $500 but less than $1,500.  The
information alleged that appellant unlawfully acquired tires and rims without
the effective consent of the owner, Warren Tullous, of Discount Tire.  A jury
found appellant guilty, and the trial court sentenced him to confinement in the
Midland County Jail for a period of nine months.  We affirm.

Issue
on Appeal

Appellant
asserts that the evidence was legally insufficient to sustain the jury=s guilty verdict because
the State failed to prove special ownership. 








Standard
of Review

In
order to determine if the evidence is legally sufficient, we review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). 
The factfinder is the sole judge of the credibility of the witnesses and the
weight to be given their testimony.  Adelman v. State, 828 S.W.2d 418,
421 (Tex. Crim. App. 1992).  

Analysis


Theft
occurs when a person unlawfully appropriates property with the intent to
deprive the owner of the property.  Tex.
Penal Code Ann. '
31.03(a) (Vernon Supp. 2008).  Appropriation is unlawful if it is without the
owner=s effective
consent.  Tex. Penal Code Ann. ' 31.03(b)(1) (Vernon Supp.
2008).  An owner is a person who has title to the property, possession of the
property, whether lawful or not, or a greater right to possession of the
property than the actor.  Tex. Penal
Code Ann. '
1.07(a)(35) (Vernon Supp. 2008).  Possession means actual care, custody,
control, or management.  Tex. Penal Code
Ann. '
1.07(a)(39) (Vernon Supp. 2008).  Exclusive control of the property need not be
vested in the owner.  Turner v. State,  636 S.W.2d 189, 193 (Tex. Crim.
App. 1982).  Anyone who had a greater right to possess, control, or manage the
stolen property than appellant could be alleged as the owner of the property.  Long
v. State, 7 S.W.3d 316, 320 (Tex. App.CBeaumont
1999, no pet.).  Proof of ownership may be made by direct or circumstantial
evidence.  Robertson v. State, 871 S.W.2d 701, 707 (Tex. Crim. App.
1993).  








When
the property stolen is the property of a corporation, it is permissible to allege
ownership in some natural person acting for the corporation such as an employee
who has care, custody, and control of the property.  Harrell v. State,
852 S.W.2d 521, 523 (Tex. Crim. App. 1993); Compton v. State, 607 S.W.2d
246, 248 (Tex. Crim. App. 1979); Castillo v. State, 469 S.W.2d 572, 573
(Tex. Crim. App. 1971).  It is the employment relationship that determines
whether a given individual can be a Aspecial
owner@ of the property. 
Cross v. State, 590 S.W.2d 510, 511 (Tex. Crim. App. 1979); Manning
v. State, 68 S.W.3d 697, 698 (Tex. App.CCorpus
Christi 2000, pet. ref=d).  
A person acting on behalf of a corporation, with managerial authority and
responsibility over its goods, is the effective owner.  Johnson v. State,
606 S.W.2d 894, 895 (Tex. Crim. App. 1980); Manning, 68 S.W.3d at 698.

Brian
Harrington, a manager at Discount Tire, testified that Warren Tullous worked at
Discount Tire on the day the offense occurred.  Harrington testified that he
gave the paperwork to Tullous to ensure that appellant paid for the tires and
rims.  However, before Tullous could take appellant=s money, appellant drove off in the vehicle
with the new tires and rims.  Kelly Cruce testified that he worked at Discount
Tire on the day that appellant came in to get his tires and rims.  He further
testified that Tullous went to take appellant=s
money for the new tires and rims but was unable to get the money before
appellant drove off.

Here,
the evidence established ownership in Warren Tullous because Tullous was an
employee of Discount Tire who had custody and control over the property until
it was sold and had the responsibility to make the sale to appellant.  The
record establishes that Tullous had a greater right to possession of the
property than appellant. The evidence is legally sufficient to sustain the jury=s verdict.  We overrule
appellant=s issue on
appeal.  

Conclusion

We
affirm the judgment of the trial court.

 

 

RICK STRANGE

JUSTICE

September 25,
2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:   Wright,
C.J., 

McCall, J., and Strange, J.