**Affirmed as Modified and Memorandum Opinion filed March 5, 2015.**



In The

# Fourteenth Court of Appeals

_____

### NO. 14-14-00335-CR

_____

**BRENETTA SHERMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1389343**

## M E M O R A N D U M   O P I N I O N

Appellant Brenetta Sherman appeals her conviction for theft. *See* Tex. Penal Code Ann. § 31.03 (West Supp. 2014). In two issues appellant contends (1) the trial court erred by entering judgment that does not comply with article 42.01 of the Texas Code of Criminal Procedure; and (2) the evidence is insufficient to support her conviction. Finding merit in appellant's first issue, we modify the trial court's judgment to reflect that appellant pleaded not guilty before a jury, that the

trial court accepted the jury's verdict, and that the jury assessed punishment. As modified, we affirm.

## I. BACKGROUND

Scott Rome, the loss prevention officer for Academy Sports and Outdoors, testified that on May 27, 2013, he observed appellant and her daughter in the Nike men's department at the store. He closely watches that area because it contains expensive merchandise. He saw appellant and her daughter select a large number of items, approximately 18 to 20, from the Nike men's area. It appeared to Rome that they were not taking much time to look at the merchandise, but were selecting it at random.

Rome observed appellant and her daughter take 18 to 20 clothing items into the fitting room. When appellant and her daughter left the fitting room, appellant's daughter was carrying "about five" items and appellant was carrying nothing but her purse. Rome walked into the fitting room to see if the other items had been left in the fitting room, but the room was empty. Appellant's daughter returned the items she was carrying to the Nike men's department. Rome watched as appellant and her daughter walked past the cash registers and outside the store without paying for any merchandise.

Outside the store Rome stopped appellant and identified himself as an employee of the Academy Loss Prevention Department. Rome asked appellant and her daughter to return to the store. Appellant accompanied Rome to the loss-prevention office. As they walked back to the office appellant began to apologize and asked Rome not to call law enforcement. Appellant began pulling Nike clothes out of the coveralls she was wearing. She pulled out seven T-shirts and six pairs of shorts, with a total value of $305.89. At that time Rome stepped out and called the police. Appellant never attempted to pay for the items. Rome, as an Academy

2

employee, testified that he did not give her permission to take them.

A recording of the store's surveillance video was played for the jury. The video showed appellant and her daughter looking at clothes and making selections. It also showed Rome observing appellant and her daughter as they went into the fitting room with several items of clothing. The video reflects appellant's daughter leaving the fitting room with approximately five items of clothing while appellant carried nothing but her purse. The video then shows appellant's daughter returning the items she carried out of the fitting room, and both women walking past the point of sale without paying for any items. The video shows Rome following the women out of the store then returning with them as they walked toward the office.

## II. DISCUSSION

### A. The evidence is sufficient to support appellant's conviction.

In her second issue appellant argues the evidence is insufficient for the jury to find beyond a reasonable doubt that appellant committed the offense of theft. Specifically, appellant argues the State failed to establish the owner of the "six pairs of shorts" removed from appellant's coveralls.

In determining sufficiency of the evidence we consider all the evidence, both direct and circumstantial, and any reasonable inferences which can be drawn. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The jury is the sole judge of the credibility of the witnesses and of the evidence presented. *See Villani v. State*, 116 S.W.3d 297, 301 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). We view all the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011).

The State had to prove beyond a reasonable doubt that appellant appropriated property valued at under $1,500 without the owner's effective consent, and with the intent to deprive the owner of the property. *See* Tex. Penal Code Ann. § 31.03. Appellant argues that the State failed to establish the owner of the "six pairs of shorts" removed from appellant's coveralls. Appellant argues Rome never identified the items as belonging to him or his employer, Academy Sports & Outdoors. Appellant further argues that the shorts did not contain security tags or price tags as identifying markers.

The indictment named Scott Rome as the owner of the property. "Owner" means a person who has title to or possession of the property, whether lawful or not, or one who has a greater right to possession of the property than the actor. Tex. Penal Code Ann. § 1.07(a)(35) (West Supp. 2014). Where stolen property is owned by a corporation, it is proper to allege in the indictment that such property was taken from the custody and control of a natural person acting for the corporation. *Castillo v. State*, 469 S.W.2d 572, 573 (Tex. Crim. App. 1971); *Campos v. State*, 317 S.W.3d 768, 774 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

Appellant had no right to possession of the unpaid-for clothing found inside her coveralls. The evidence presented at trial showed Rome was employed as a loss-prevention manager by the store. As an employee who had responsibility for serving the store's customers, Rome qualifies as an "owner" with a greater right to possession of the clothing than appellant. *See Byrd v. State*, 336 S.W.3d 242, 252 (Tex. Crim. App. 2011). Rome testified that he saw appellant remove the shirts and shorts from the display racks, walk into the fitting room with the items, and walk out of the store without paying for any items. As appellant pulled the items out of her coveralls, she asked Rome not to call the police, and that if he would not report

4

the theft she would never shoplift again. Appellant's actions and words are consistent with the jury's implied finding that the six pairs of shorts found in her coveralls belonged to Academy. The jury also reviewed the surveillance video, which showed appellant choosing items in the men's department, walking into the fitting room with the items, but walking out of the fitting room and the store not carrying any items of clothing. Reviewing the evidence in the light most favorable to the verdict, we find a rational jury could have found that the items taken by appellant belonged to Academy, and that Rome as the loss-prevention officer, had a greater right to possession of the items than appellant. We overrule appellant's second issue.

**B. The judgment should be modified to conform to the requirements of article 42.01 of the Texas Code of Criminal Procedure.**

In her first issue appellant argues the trial court erred in entering a judgment that does not comply with article 42.01 of the Texas Code of Criminal Procedure. Article 42.01 requires a trial court's judgment to reflect, in pertinent part:

1. The title and number of the case;
2. That the case was called and the parties appeared, naming the attorney for the state, the defendant, and the attorney for the defendant, or, where a defendant is not represented by counsel, that the defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel;
3. The plea or pleas of the defendant to the offense charged;
4. Whether the case was tried before a jury or a jury was waived;
5. The submission of the evidence, if any;
6. In cases tried before a jury that the jury was charged by the court;
7. The verdict or verdicts of the jury or the finding or findings of the court;
8. In the event of a conviction that the defendant is adjudged guilty of the offense as found by the verdict of the jury or the finding of the court, and that the defendant be punished in accordance with

5

the jury's verdict or the court's finding as to the proper punishment;

Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (West Supp. 2014).

As appellant points out, the judgment in this case inaccurately reflects (1) a plea to the court; (2) a plea bargain agreement; (3) no verdict of the jury; and (4) no notation of whether the jury was charged by the court.

Courts of appeals have the authority to modify a trial court's judgment and affirm it as modified. Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Haggerty v. State*, 429 S.W.3d 1, 12 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). When a court of appeals has the necessary information and evidence before it for modification, it may modify the erroneous judgment on appeal. *Storr v. State*, 126 S.W.3d 647, 654–55 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). The State agrees the judgment should be modified.

Therefore, we sustain appellant's first issue and modify the judgment in this case to reflect that (1) appellant entered a plea of not guilty to a jury; (2) the jury was charged by the court; (3) the jury found appellant guilty; and (4) the jury assessed punishment at four years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

As modified, we affirm the trial court's judgment.


/s/     John Donovan
        Justice



Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

6